UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| LINDA WONG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ACCRETIVE HEALTH, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

No. 1:12-cv-03102

<u>CLASS ACTION</u>

Judge Sharon Johnson Coleman
Magistrate Judge Arlander Keys

ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on the motion of Lead Plaintiff for an award of attorneys' fees and expenses; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Action to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated September 19, 2013 (the "Stipulation").

2.      The Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.     Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice of Lead Plaintiff's motion for an award of attorneys' fees and expenses was directed to all Persons and entities who are Class Members, including individual notice to those who could be identified with reasonable effort, advising them of the application for fees and expenses and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are members of the Class to be heard with respect to the motion for fees and expenses.

4.     The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Fund and expenses of $63,911.14, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  Said fees shall be allocated among Lead Plaintiff's counsel by Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation.  The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things that:

(a)     the requested fee is consistent with percentage fees negotiated *ex ante* in the private market for legal services;

(b)     the contingent nature of the Action favors a fee award of 30%;

(c)     the Settlement Fund of $14 million was not likely at the outset of the Action;

(d)     the awarded fee is in accord with Seventh Circuit authority and consistent with empirical data regarding fee awards in cases of this size;

(e)     the quality legal services provided by Lead Counsel produced the settlement;

(f)     the Lead Plaintiff appointed by the Court to represent the Class reviewed and approved the requested fee;

(g)     the stakes of the litigation favor the fee awarded; and

(h)     the reaction of the Class to the fee request supports the fee awarded.

5.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.     The Court has considered the objection filed by James Hayes, and finds it to be without merit.  The objection is therefore overruled in its entirety.

IT IS SO ORDERED.

DATED: _____

April 30, 2014

_____

SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE